**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY ALLEN PEET, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00161-SNLJ |
| | ) | |
| SCOTT COUNTY SHERIFF'S OFFICE and SCOTT COUNTY PROSECUTING ATTORNEY, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Gregory Allen Peet, Sr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, and his motion for leave to proceed *in forma pauperis*. [Docs. 1, 2]. Based on a review of his motion to proceed *in forma pauperis* and the financial information submitted in support, the motion will be granted and the filing fee will be waived. However, after review of the Petition, the Court will summarily dismiss this matter under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts because Petitioner is plainly not entitled to relief.

**Petitioner's Background**

The instant "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254" [Doc. 1] was not filed on a Court form, nor does it "substantially follow" the information required on the Court form. *See* Rule 2(d) of the Rules Governing § 2254 Cases in the United States District Courts. For example, Petitioner fails to provide the Missouri court case number for which he seeks § 2254 habeas corpus relief, and a procedural history for that state court conviction.

Regardless, it is clear from the titling and arguments in the filing that Petitioner is seeking relief under § 2254. [*See* Doc. 1 at 1].

The Court notes that Petitioner is not a stranger to this Court, as he has filed over 10 actions here in the last few years. One of those prior actions was also brought for habeas relief under §2254. *See Peet v. State of Missouri*, No. 1:24-cv-00208-SPM (E.D. Mo. filed Nov. 12, 2024); *see also* [Doc. 1-1 (referring to this prior § 2254 action as a "related" but "not substantially equivalent" action to the instant action)]. In that prior § 2254 action, Petitioner challenged his 1997 conviction out of Scott County, Missouri, in which he was sentenced to 5 years on one count of statutory rape in the second degree. *See id.* at [Doc. 1 (citing Missouri case no. "CR595-1191FX")]. Petitioner's prior § 2254 Petition was dismissed on March 20, 2025, because Petitioner was not "in custody" pursuant to the state court conviction that he was challenging. *See id.* at [Doc. 8 (citing 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)]. In his habeas filings, Petitioner admitted that he had completed his 5-year sentence over 20 years before filing the § 2254 Petition, and that he was no longer in custody.

Furthermore, based on an independent review on Missouri Case.net, the State of Missouri's online docketing system, it appears that, as of the date of this Order, there is a pending action in Scott County, Missouri against Petitioner for failure to register as a sex offender. *See State v. Peet*, No. 26SO-CR00447-03 (33rd Jud. Cir., 2026).

**§2254 Petition**

In the § 2254 Petition now before the Court, Petitioner does not appear to challenge a state court conviction, instead he argues that he is "in custody" because "he is under criminal charges, bond, pretrial supervision, movement restrictions, and threat of incarceration." [Doc. 1 at 3]. According to Petitioner, Respondents Scott County Sheriff's Office and Scott County

Prosecuting Attorney "exercise custody through arrest, bond, pretrial supervision, movement restrictions, and threat of incarceration." [*Id.* at 2]. Petitioner argues that his pretrial supervision constitutes custody. [*Id.* at 3 (citing *Hensley v. Municipal Court*, 411 U.S. 345 (1973)].

The factual allegations of the Petition are difficult to decipher. Petitioner details events which appear to have lead up to his arrest. He alleges that a private party (Charles Smoot) fraudulently signed a property contract for a deceased co-owner, and that a bank (First State Community Bank) improperly notarized the fraudulent signature "without verifying authority." [*Id.*] Petitioner argues that he entered into a contract for real property based on the fraudulently signed and notarized document, and that it led to his arrest under a probable cause affidavit that was based on false statements and a fraudulent eviction. [*Id.* at 2-8]. Petitioner summarizes this as: "Smoot's fraud + bank's improper notarization + false affidavit = unlawful custody." [*Id.* at 8].

Based on this factual background, Petitioner asserts that his custody is unconstitutional under the Fourth, Fifth, and Fourteenth Amendments. [*Id.* at 8]. Petitioner seeks relief based on 7 grounds: (1) "Illegal Enforcement of Expired Registration Requirements;" (2) "Custody Imposed Without Jurisdiction;" (3) "Sheriff Misconduct and Abuse of Process;" (4) "Retaliation and Selective Enforcement;" (5) "Interference With Contractual and Property Rights;" (6) "Fraud by Charles Smoot Enabled by State Officials (Rule 9(b) Particularity);" and (7) "Improper Notarization by First State Community Bank (Rule 9(b) Particularity)." [*Id.* at 8-11]. For relief, Petitioner requests termination of his pretrial supervision, vacatur of his bond, and declaratory relief regarding his sex offender registration requirements. [*Id.* at 12].

Petitioner attached multiple exhibits to his Petition, including documents from his state court action [*Id.* at 14-20, 25-29 (citing Missouri case no. "26SO-CR00447")], medical records

concerning a right shoulder injury [*Id.* at 21-22], and sex offender registrant responsibilities in the State of Kentucky [*Id.* at 23-24].

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Because the jurisdictional requirements for a § 2254 case are not met, and because Petitioner has not exhausted state remedies as to his pending state court charge, this case will be summarily dismissed.

District courts have jurisdiction to entertain petitions for § 2254 habeas relief only from persons who are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).

Petitioner here has not been convicted or sentenced in the state court case that he is attempting to challenge. Petitioner argues that his pretrial supervision constitutes "custody." [Doc. 1 at 3 (citing *Hensley v. Municipal Court*, 411 U.S. 345 (1973)]. However, he supports this argument with reference to cases where courts have found petitioners "in custody" because they were on parole or because they had been released on their on recognizance pending execution of a sentence. *See Hensley*, 411 U.S. at 347; *Jones v. Cummingham*, 371 U.S. 236 (1963). Unlike those cases, in this case, there is no judgment or sentence. As such, Petitioner cannot be "in custody" under a "conviction or sentence" because no conviction or sentence has been issued in the pending state case. Therefore, this Court does not have jurisdiction to entertain this § 2254 Petition and it must be summarily dismissed.

Furthermore, even if Petitioner was "in custody," this action would still be subject to dismissal for failure to exhaust state remedies. Under 28 U.S.C. § 2254(b)(1)(A), before federal habeas relief can be granted under § 2254, a petitioner is required to exhaust available state remedies. *See also Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). Federal courts should abstain from the exercise of pretrial habeas corpus jurisdiction if the issues raised by a petitioner "may be resolved either by a trial on the merits in state court or by other state procedures available to the petitioner." *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Federal habeas corpus should not be used as a "pre- trial motion forum for state prisoners." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 493 (1973).

In this case, Petitioner filed his § 2254 Petition with the Court on July 8, 2026—the day after the state court warrant was issued and served on him in his pending Scott County action. *See State v. Peet*, No. 26SO-CR00447 (33rd Jud. Cir., filed July 7, 2026). Therefore, when Petitioner filed this action, his state court case was still pending and had not reached a final judgment. The grounds that Petitioner raises in this federal petition should be presented to the state trial court as part of his state criminal proceedings and must be raised again to the state appellate courts if and when Petitioner is convicted. *Rose*, 455 U.S. at 520. Petitioner has the available state court remedies of pretrial motions, a motion for new trial, a direct appeal, a motion for post-conviction relief, and a post-conviction appeal. *Braden*, 410 U.S. at 490. As such, his § 2254 Petition filed in this Court is premature.

Because consideration of Petitioner's pretrial claims is not justified under either the exhaustion or abstention doctrine, it plainly appears that Petitioner is not entitled to relief and this case must be dismissed. *See e.g.*, *Jones v. Solem*, 739 F.2d 329, 331 (8th Cir. 1984) (affirming dismissal of § 2254 petition due to failure to exhaust state remedies where petitioner's appeal of the denial of her state post-conviction action was not resolved).

**Conclusion**

Petitioner is not in custody under a Missouri conviction or sentence, and there is no possibility that Petitioner has exhausted his available state remedies in his pending state court action. *See* 28 U.S.C. § 2254(a), (b). As such, this case will be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts because Petitioner is plainly not entitled to relief.

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. 1] is **DENIED and DISMISSED** without prejudice.

**IT IS FINALLY ORDERED** that a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE